UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHELLE K. STAATS and ROBERT A. STAATS, and the marital community comprised thereof, A.S. (YOB: 2007), a minor child; A.S. (YOB: 2001), a minor child; D.S., a minor child; and N.S., a minor child, | NO:  2:15-CV-0208-TOR |
| | ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON INTENTIONAL MISCONDUCT / SEGREGATION OF DAMAGES |
| Plaintiffs, | |
| v. | |
| STATE OF WASHINGTON, *et al.*, | |
| Defendants. | |

BEFORE THE COURT is Defendant State of Washington *et al.*'s Motion for [Partial] Summary Judgment on Intentional Misconduct / Segregation of Damages (ECF No. 36); Defendant Adrianna Payne's Motion for Joinder in State Defendants' Motion for Summary Judgment (ECF No. 41); Plaintiffs' (1) Motion for Leave to File Response to Summary Judgment Motion (ECF No. 44), (2) Motion for Order to File Exhibit A in Support of Plaintiffs' Response in

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON INTENTIONAL MISCONDUCT / SEGREGATION OF DAMAGES ~ 1

Opposition to Defendants Motion for Summary Judgment Under Seal (ECF No. 47), and (3) Motion to Expedite the hearing for the Motion to File Exhibit A (ECF No. 46).

The Court has reviewed the motions and the file therein, and is fully informed.  As discussed further below, Defendants' Motions for Partial Summary Judgment (ECF Nos. 36; 41) are **GRANTED**.  The Plaintiffs' motion to file a late response and Exhibit A under seal (ECF Nos. 44, 47) are **DENIED** for failure to show excusable neglect under Fed. R. Civ. P. 6(b)(1)(B).  Plaintiffs' motion to expedite (ECF No. 46) is **DENIED** as **MOOT**.

## BACKGROUND

The instant suit arises out of a foster parent arrangement gone wrong, where the State's attempt to protect the children by taking them from their parents and placing them with foster parents ended in tragedy when one of the foster parents, Mathew Payne, molested the children.  ECF No. 1-2.  Plaintiffs, which include the children and the biological parents of the victim-children, filed suit against the State and foster parents (Defendant Mathew Payne and spouse), asserting, *inter alia*, a claim of negligence against the State.  ECF No. 1-2.

While discovery was under way, the State submitted a Motion for Summary Judgment on Intentional Misconduct / Segregation of Damages (ECF No. 36) on November 23, 2017.  Defendant Adrianna Payne filed a Joinder in State

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON INTENTIONAL MISCONDUCT / SEGREGATION OF DAMAGES ~ 2

Defendants' Motion for Summary Judgment on Intentional Misconduct / Segregation of Damages (ECF No. 41).  Plaintiff submitted its untimely Response to Defendants' Motion for Summary Judgment (ECF No. 42) on December 30, 2016.  On the same day, Plaintiff submitted a Motion for Leave to File Response to Summary Judgment Motion (ECF No. 44), a Motion to Expedite (ECF No. 46) the request, a Motion for Order to File Exhibit A Under Seal (ECF No. 47), and Exhibit A under seal (ECF No. 45).  The State filed its Response in Opposition to Plaintiffs' Motion for Leave to file Response to Summary Judgment Motion (ECF No. 48) to which Defendant Adrianna Payne Joined (ECF No. 49), requesting the Court not allow the submission, or in the alternative give the State additional time to file a Reply.  Plaintiffs then filed a Reply to Defendant's Response (ECF No. 51).

Defendants' Motion for Summary Judgment (ECF No. 36) requests the Court enter an order granting Defendants summary judgment on the defense of intentional misconduct and segregation of damages, requiring the finder of fact to apportion damages for injuries resulting from the intentional misconduct of Defendant Matthew Payne and from Plaintiffs' injuries resulting from the negligence of other entities, if any.  ECF No. 36 at 2.  In particular, Defendant

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON INTENTIONAL MISCONDUCT / SEGREGATION OF DAMAGES ~ 3

requests that the Court issue an order that:

> (1) Matthew Payne's molestation of A.S. (DOB 2001), N.S., and A.S. (DOB 2007) constitutes intentional misconduct conduct; and (2) As a matter of law, the finder of fact must segregate the Plaintiffs' damages resulting from Payne's intentional misconduct from damages resulting from the negligence of other entities, if any.

ECF No. 36 at 3.

## DISCUSSION

### A.  Excusable Neglect for Late Filing

Plaintiffs seek to file a late response to Defendants' motion for summary judgment.  ECF No. 44.  Plaintiffs contend "Due to a scheduling error the response was not filed timely. . . . This Motion is made pursuant to Rule 12 of the Federal Rules of Civil Procedure."  *Id*. at 2.  Rule 6(b)(1)(B) states in pertinent part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time...on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(B).  The Supreme Court holds that excusable neglect "is at bottom an equitable [issue], taking account of all relevant circumstances surrounding the party's omission."  *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting P*ioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  The Supreme Court's analysis of "excusable neglect" in *Pioneer* is clearly applicable to Rule 6(b) within the Ninth Circuit. *Comm. for Idaho's High Desert Inc. v. Yost*, 92 F.3d 814, 824 n.4 (9th Cir. 1996).

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON INTENTIONAL MISCONDUCT / SEGREGATION OF DAMAGES ~ 4

"To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *In re Veritas Software Corp.*, 496 F.3d 962, 973 (9th Cir. 2007) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (attorney's reasons for his nearly month-long delay, the need to recover from jet lag and to review mail, found to be excusable neglect)). Ultimately, the decision is left to the discretion of the district court. *Id.* Excusable neglect "covers cases of negligence, carelessness and inadvertent mistake." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

In *Pincay*, the Ninth Circuit held that courts engaged in balancing the *Pioneer/ Briones* factors may not apply per se rules. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (*en banc*) ("We now hold that per se rules are not consistent with *Pioneer*."). Defendants, who had filed their notice of appeal twenty-four days late, asserted that their tardy filing resulted from a calendaring mistake caused by attorneys and paralegals misapplying a clear legal rule. *See id*. Applying the same four-factor balancing test as required under Federal Rule of

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON INTENTIONAL MISCONDUCT / SEGREGATION OF DAMAGES ~ 5

Civil Procedure 60(b), the district court found that defendants' neglect was excusable under Federal Rule of Appellate Procedure 4(a)(5). *See id.* Sitting *en banc*, the Circuit rejected the plaintiffs' contention that the district court had abused its discretion in ruling for defendants. The Circuit concluded that, while the calendaring mistake was not a "compelling excuse," because of the "nature of the contextual analysis and the balancing of the factors adopted in *Pioneer*," courts applying the *Pioneer/Briones* test cannot create or apply any "rigid legal rule against late filings attributable to any particular type of negligence." *Id*. at 860.

Here, while citing the wrong rule, counsel provides no facts and circumstances of his neglect other than to state the response was late "[d]ue to a scheduling error". In consideration of the four-factor equitable test: (1) the prejudice to Defendants is not great, other than the delay itself; (2) the length of the delay is not great, about two-weeks, which does not impact any case deadlines; (3) the reason for the delay is not excusable because there are no underlying facts presented; and (4) whether Plaintiffs acted in good faith cannot be determined from this sparse record, but no bad faith has been shown. Plaintiffs have not shown excusable neglect.

In any event, at bottom, Plaintiffs' response to the summary judgment motion is to ask for more time, until discovery is complete, before deciding the issue of the segregation of damages between allegedly negligent tortfeasors and the

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON INTENTIONAL MISCONDUCT / SEGREGATION OF DAMAGES ~ 6

1    intentional tortfeasor.  Even if Plaintiffs' response were considered, they have not

2    shown sufficient reason to delay ruling on the motion for partial summary

3    judgment to resolve a legal issue.

4    **B.  Summary Judgment Standard**

5          Summary judgment may be granted to a moving party who demonstrates

6    "that there is no genuine dispute as to any material fact and the movant is entitled

7    to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the

8    initial burden of demonstrating the absence of any genuine issues of material fact.

9    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the

10    non-moving party to identify specific facts showing there is a genuine issue of

11    material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

12    "The mere existence of a scintilla of evidence in support of the plaintiff's position

13    will be insufficient; there must be evidence on which the jury could reasonably

14    find for the plaintiff."  *Id.* at 252.  For purposes of summary judgment, "[i]f a party

15    fails to properly support an assertion of fact or fails to properly address another

16    party's assertion of fact as required by Rule 56(c), the court may . . . consider the

17    fact undisputed."  Fed. R. Civ. P. 56(e)(2); *see also* L.R. 56.1(d).

18          A fact is "material" if it might affect the outcome of the suit under the

19    governing law.  *Liberty Lobby*, 477 U.S. at 248.  A dispute concerning any such

20    fact is "genuine" only where the evidence is such that a reasonable trier-of-fact

could find in favor of the non-moving party.  *Id.*  "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."  *Id.*  (internal quotation marks and alterations omitted). Moreover, "[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *see also Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081-82 (9th Cir. 1996) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.").

Finally, in ruling upon a summary judgment motion, a court must construe the facts, as well as all rational inferences therefrom, in the light most favorable to the non-moving party, *Scott v. Harris*, 550 U.S. 372, 378 (2007), and only evidence which would be admissible at trial may be considered, *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).  *See Tolan v. Cotton*, 134 S. Ct. 1861, 1863 (2014) ("[I]n ruling on a motion for summary judgment, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.") (internal quotation marks and brackets omitted).

//

//

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON INTENTIONAL MISCONDUCT / SEGREGATION OF DAMAGES ~ 8

## C.  Defendant Payne's criminal conduct is "intentional misconduct"

Defendant Payne admitted to three counts of child molestation in the second degree.  *See* ECF No. 38 at 12.  This is not disputed.  Washington law is clear that child molestation constitutes intentional misconduct.  *See, e.g. CJC v. Corporation of Catholic Bishop of Yakima*, 138 Wash.2d 699, 714-16 (1999) (molestation is intentional conduct).  Plaintiffs do not dispute this point of law in their Response, ECF No. 42, even assuming the Response should be considered.  As such, per Plaintiffs' request, the Court finds that Payne's underlying criminal conduct constitutes intentional misconduct.

## D.  Damages for intentional misconduct must be segregated

RCW 4.22.070 provides the framework for Washington's comparative liability scheme for tortfeasors, but does not extend to intentional misconduct.  The Washington Supreme Court, in assessing the applicability of RCW 4.22.070, has stated that "liability for intentional acts or omissions does not fall within RCW 4.22.070(1)" and as such must be segregated from damages from negligence. *Tegman v. Accident & Med. Investigations, Inc.*, 150 Wash.2d 102, 110 (2003). The *Tegman* Court reasoned that "RCW 4.22.070 does not apply to intentional torts" because "fault", as defined under RCW 4.22.015, does not include "intentional acts or omissions[.]"  *Id.* (citation omitted).

The Court in *Tegman* specifically addressed RCW 4.22.070(1)(b), and stated that it merely concerns "how to apportion liability among *at-fault* defendants where the plaintiff is fault-free." *Id.* at 112 (emphasis original). The Court stated:

> The damages due to intentional acts must be segregated from damages caused by fault-based acts or omissions because RCW 4.22.070(1)(b) only addresses liability for *at-fault* entities. The liability of intentional tortfeasors for damages caused by their intentional acts or omissions is not determined under RCW 4.22.070(1). Once the damages due to intentional acts or omissions are segregated, then, as to all remaining damages, i.e., those damages resulting from fault-based acts or omissions, all the negligent defendants causing those damages are jointly and severally liable.

*Id.* at 115.

Importantly, the observation that intentional torts does not apply to RCW 4.22.070(1)(b) equally extends to subsection (1)(a), despite Plaintiffs' apparent contentions otherwise. *See* ECF No. 42. Notably, subsection (1)(a) includes the same qualifier "fault" as in (1)(b), which the *Tegman* Court stated was clearly limited to *at-fault* defendants. *Tegman*, 150 Wash.2d at 112. The *Tegman* Court did not parse the subsections of RCW 4.22.070(1) when stating the broad conclusion that the statute does not apply to intentional torts. *Id.* at 110. There is no sound reason to suggest the comment applying to section (1) does not also apply to the subsection (1)(a). Consequently, damages from intentional acts must be segregated first, then the remaining damages may be attributed to the negligent parties, if any.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON INTENTIONAL MISCONDUCT / SEGREGATION OF DAMAGES ~ 10

The Court holds, per Defendants' Motions (ECF Nos. 36, 41), that, as a matter of law, the finder of fact must segregate the Plaintiffs' damages resulting from Payne's intentional misconduct from damages resulting from the negligence of other entities, if any.  Accordingly, the Motions (ECF Nos. 36, 41) are **GRANTED**.

**IT IS HEREBY ORDERED:**

1. Defendants' Motions for Summary Judgment (ECF Nos. 36, 41) are **GRANTED**.[1]

2. Plaintiffs' Motions (ECF Nos. 44, 47) are **DENIED**; and Plaintiffs' Motion to Expedite (ECF No. 46) is **DENIED** as **MOOT**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** January 24, 2017.



THOMAS O. RICE
Chief United States District Judge

---

[1] Defendant Adrianna Payne's Joinder in response (ECF No. 49) which appears as a motion on the docket is considered as a joinder, not a motion.

ORDER GRANTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON INTENTIONAL MISCONDUCT / SEGREGATION OF DAMAGES ~ 11